UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 80-00308-CR-LENARD

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**EDITH MARGARITA HERRERA,**

    Defendant.

_____/

### ORDER DENYING DEFENDANT EDITH HERRERA'S AMENDED MOTION TO EXPUNGE CRIMINAL RECORDS (D.E. 42)

This Cause is before the Court on Defendant Edith Herrera's ("Defendant") *pro se* Amended Motion to Expunge Criminal Records[1] ("Motion," D.E. 42), filed on January 28, 2011. Upon review of the Motion and the record, the Court finds as follows.

On November 12, 1980, Defendant was sentenced to twenty-four (24) months of incarceration pursuant to her conviction of possession of cocaine with intent to distribute. (Judgment, Kehoe, J., D.E. 27.) Defendant is no longer incarcerated and indicates that she has "not been convicted of any crime in the past 30 years." (Mot. at 1.) She requests that the Court expunge her records, arguing that such relief would "facilitate [her] ability to find gainful employment in the future, and . . . [is] consistent with the public welfare." (*Id.*)

The Court cannot grant to Defendant the relief she requests. Absent statutory

---

[1] The instant Motion supercedes Defendant's Motion to Expunge Criminal Record (D.E. 40), filed on January 21, 2011. That Motion

authority from Congress, the Court does not have ancillary jurisdiction to determine the issue of expungement. *See Hall v. Alabama*, 2010 U.S. Dist. LEXIS 14082, at *27 (M.D. Ala. Jan. 20, 2010) (agreeing with First, Third, Eighth and Ninth Circuits' interpretation that *Kokkonen v. Guardian Life Ins. Co. Of America*, 511 U.S. 375 (1994) has defined the scope of ancillary jurisdiction so narrowly as to exclude matters of expungement); *United States v. Paxton*, 2007 U.S. Dist. LEXIS 53086, at *5 (M.D. Ala. Jul. 20, 2007) (pursuant to *Kokkonen*, the district court held it "[did] not have ancillary jurisdiction to expunge criminal records on equitable grounds alone"). Alternatively, the Court finds that Defendant's arguments in support of expungement – no convictions within the past 30 years, improvement of her chances to find gainful employment and public welfare[2] – do not rise to the level of the "special circumstances" required to merit the "extraordinary remedy of expungement." *United States v. Hinestrosa*, 2010 U.S. Dist. LEXIS 92530, at *19 (S.D. Fla. August 12, 2010) (Huck, J.) (Judge Huck found that defendant's "tremendous difficulty getting new employment" did not amount to special circumstances); *see Paxton*, 2007 U.S. Dist LEXIS at *5 (defendant's lack of subsequent convictions and difficulty in obtaining employment are insufficient as grounds for jurisdiction); *see also United States v. Johnson*, 714 F.Supp. 522 (S.D. Fla. 1989) (King, J.) (listing the five situations in which expungement is appropriate).

---

[2] Defendant does not elaborate on what she means by "public welfare."

Accordingly, Defendant Edith Herrera's Amended Motion for Expungement of Criminal Records (D.E. 42), filed on January 28, 2011, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of February, 2011.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**